[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In this habeas action, the petitioner claims that his confinement to the custody of the Commissioner of Corrections is unlawful on the basis of his assertion that he was denied the effective assistance of counsel in the underlying criminal proceeding. Specifically, by amended petition dated October 29, 1996, the petitioner claims that his trial counsel failed to conduct an adequate pretrial investigation, failed to present the relevant testimony of witnesses in support of his defense, failed to establish through the testimony of an expert that the bullet had ricocheted off another object before striking the victim, and failed to establish the lack of the requisite intent to commit murder. Based on the evidence adduced at the habeas hearing, the court makes the following findings and order.
On September 18, 1990, following a jury trial in Docket Number CR14-342960, in the Superior Court, Judicial District of Hartford, the petitioner was convicted of the offense of Murder in violation of Connecticut General Statutes § 53a-54a.
On November 16, 1990, the petitioner was sentenced to a period of confinement of thirty years. The petitioner is presently an inmate in the custody of the Commissioner of CT Page 7049 Corrections serving the imposed sentence.
During the criminal trial, the petitioner was represented by Attorney Jeffrey Van Kirk.
The petitioner's conviction was affirmed on appeal. State v.Cooper, 227 Conn. 417 (1993)
While the facts are set forth in the Supreme Court opinion, a brief recitation is useful for the court's analysis of the petitioner's claims. At trial, the State presented evidence that on March 30, 1988, the petitioner was present in the Charter Oak Terrace area of Hartford. He was observed by several men, including the victim, to be going from car to car attempting to sell drugs. When one of the men confronted the petitioner as to why he was in the neighborhood, he replied that he was selling drugs for another person. After the victim had purchased drugs from the petitioner, the two of them engaged in an argument concerning the petitioner's drug selling activities in the area. As the victim appeared to be turning away from the argument, he was grabbed by the petitioner, and a scuffle ensued. The victim was then joined and assisted by two men from the original group. When the victim shouted that the petitioner had a gun, the two intervenors fled, and a third joined the fray, attempting to wrest the gun from the petitioner. Breaking free, the petitioner pointed the gun at the victim and shot him. He then ran toward the Park River where he was later apprehended by the police. Subsequently, the police recovered the gun from the river.
While the petitioner did not testify at his criminal trial, at the habeas trial he testified that he was present in the Charter Oak neighborhood to see his girlfriend, and he denied that he had been selling drugs. The petitioner claimed that he had been accosted by a group of men, and that one of them had a gun which went off while the men were assaulting him.
In order for the petitioner to succeed in his claim that he was denied the effective assistance of counsel in the criminal proceedings, he has the burden of proving both that his trial counsel's performance was deficient and that he was actually prejudiced by his counsel's deficient performance. Strickland v.Washington, 466 U.S. 668 (1984), Bunkley v. Commissioner,222 Conn. 444 (1992), Copas v. Commissioner, 234 Conn. 139 (1995).
In this case, the petitioner has not proven that counsel's CT Page 7050 performance was deficient.
The petitioner was arrested on April 8, 1988. Shortly thereafter, through the assistance of the petitioner's family, Attorney Aaron Gersten of Hartford was retained to represent the petitioner. Attorney Gersten continued his representation for approximately nine months, during which time he met periodically with the petitioner and his father. During his meetings with Attorney Gersten, the petitioner told him his version of the events. Additionally, the petitioner's father, Robert Cooper Sr., conducted a substantial investigation on his own, visiting the Charter Oak neighborhood in an effort to find witnesses to corroborate the petitioner's claim that he had been assaulted, and he provided names of some of the people he contacted to Attorney Gersten.
Attorney Van Kirk took over the petitioner's representation from Attorney Gersten in December, 1989. In conjunction with this change of counsel, Attorney Gersten turned his file over to Attorney Van Kirk. Included in this file was a report from a private investigator retained by Attorney Gersten. This report included information obtained through interviews of witnesses at the Charter Oak neighborhood. Additionally, Robert Cooper Sr. gave Attorney Van Kirk the names of individuals with whom he had spoken, information that Attorney Van Kirk found useful in the petitioner's defense.
Prior to the trial, Attorney Van Kirk visited the scene of the shooting on more than one occasion. He met with potential witnesses, and he consulted with Robert Cooper Sr. While, during his habeas testimony he did not recall their origin, Attorney Van Kirk indicated that he had photographs of the area of the shooting available to him during his investigation.
At trial, Attorney Van Kirk presented defense witness testimony consistent with the petitioner's claim that he had been assaulted by a group of men, evidence that differed significantly from the State's evidence concerning the dynamics of the altercation.
With respect to the firearm issue, contrary to the petitioner's assertion, Attorney Van Kirk retained an expert who testified at the trial concerning muzzle velocity and trajectory. Through this expert, he presented testimony that physical findings at the scene controverted the State's conclusions as to CT Page 7051 the manner of the shooting, as well as the State's contention that the victim had been shot with a .22 caliber pistol.
It is the court's view, based on the credible evidence, that Attorney Van Kirk conducted a thorough pretrial investigation. He supplemented the information received from Attorney Gersten, and his private investigator, with additional investigation, personal inspection, and witness interviews. At trial, he presented evidence exculpatory to the petitioner on the controverted issues relating to the dynamics of the events, as well as forensic evidence offered to dispute the State's claim of intent. The fact that his trial conduct and strategy were ultimately unsuccessful is not a proper gauge of his efforts.
For the reasons stated, the petition is dismissed.
Bishop, J.